# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Case No. 2:08-CR-44 JVB |
| | ) | |
| JOHN ERIC VINSON | ) | |

## OPINION AND ORDER

On December 14, 2009, at what was supposed to have been the sentencing hearing, the Defendant's attorney moved for leave to retest the drugs related to the charges against him. The Court postponed the sentencing hearing and ordered the parties to submit briefs on the Defendant's motion and, in particular, directed the Defendant to "provide a clear *legal and factual basis* for retesting the quantity and the nature of the drugs involved in this case." (DE 90.) Having reviewed the briefs, the Court denies the Defendant's motion

The Defendant has failed to address the main legal issue: whether he is entitled to retest the drugs once he had pleaded guilty to the drug count and admitted that the illegal substance was crack cocaine weighing more than 5 grams. Moreover, the Defendant has failed to address the effect of the provisions in the parties' plea agreement that are binding on the Court regardless of all other provisions; namely, that the Defendant should be sentenced to 84 months of imprisonment on Count 2 of the Indictment and that Count 1 be dismissed at sentencing.

Likewise, the Defendant has failed to provide a factual basis for his need to retest the drugs. "When a quantity determination is being made, defendants have a due process right to be sentenced based on reliable information; district courts must therefore base their findings at sentencing on information having 'sufficient indicia of reliability to support its probable accuracy.'" *United States v. Bautista,* 532 F.3d 667, 672 (7th Cir. 2008) (citing *United States v.*

*Johnson*, 489 F.3d 794, 797 (7th Cir. 2007)). However, "[a] seizure of the drugs involved in an offense provides a reliable basis for determining the quantity of drugs attributable to a defendant." *Id*.

The Defendant has offered nothing to undermine this reliability. At the time of the Defendant's plea negotiations and change of plea hearing, the Defendant was represented by counsel. At the change of plea hearing, the Defendant knowingly and voluntarily admitted to his unlawful conduct and to the nature and quantity of evidence against him. Nothing in the Defendants brief—apart from speculation—suggests that the evidence against him was manipulated or that he did not enter into the plea agreement knowingly and voluntarily.

Because the Defendant has not provided either a legal or factual basis for retesting the drugs, his motion (DE 91) is denied.

SO ORDERED on January 15, 2010.

  s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE